UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA : | |
| : | CASE NO. 21-MJ-216 |
| v. : | |
| : | |
| ADAM AVERY HONEYCUTT, : | |
| : | |
| Defendant. : | |

**CONSENT MOTION TO CONTINUE STATUS HEARING
AND EXCLUDE TIME UNDER SPEEDY TRIAL ACT**

The United States of America, by and through its attorney, the United States Attorney for the District of Columbia, with the consent of the defendant, respectfully moves to continue the status hearing scheduled for May 4, 2021, to July 7, 2021, and to exclude time under the Speedy Trial Act.

The defendant is charged in this District with two counts related to the January 6, 2021, attack on the U.S. Capitol. Specifically, he is charged with one count of Knowingly Entering or Remaining in any Restricted Building or Grounds without Authority, in violation of 18 U.S.C. § 1752(a), and one count of Violent Entry and Disorderly Conduct on Capitol Grounds in violation of 40 U.S.C. § 5104(e)(2) ("Attack on the Capitol case"). The defendant is charged in the Middle District of Florida with one count of knowingly possessing, in and affecting interstate commerce, three pistols while being an unlawful user of a controlled substance, that is marijuana, in violation of 18 U.S.C. §§ 922(g)(3) and 924(a)(2) ("Florida case"). The Florida case stemmed from the execution of a search warrant on his residence in connection with the Attack on the Capitol case.

The defendant is currently detained in the Florida case. He was initially detained in the Attack on the Capitol case, but this Court granted his consent motion to release him from custody in the Attack on the Capitol case. The Florida case is scheduled for a June 7, 2021, jury trial. The

defendant was initially transported by the USMS to this District; he is currently in Oklahoma awaiting transport back to Florida.

The Speedy Trial Act requires that the government file an information or indictment against a defendant within 30 days of arrest. 18 U.S.C. § 3161(b). However, the Act excludes any period of delay when a judge grants a continuance and finds that "the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial." 18 U.S.C. § 3161(h)(7)(A). Here, the exclusion of time through July 7, 2021, best serves the ends of justice and outweighs the interests of the public and the defendant in a speedy trial and indictment because the additional time will allow the government to provide informal pre-indictment discovery to the defendant and to engage in discussions with the defendant, which might obviate the need for an indictment and trial in this case.

WHEREFORE, the parties respectfully request that the Court continue the status hearing until July 7, 2021, and exclude time through and including July 7, 2021, for purposes of any computation under the Speedy Trial Act.

> Respectfully submitted,
>
> CHANNING D. PHILLIPS
> ACTING UNITED STATES ATTORNEY
>
> By:   /s/ *Kondi J. Kleinman*
> KONDI J. KLEINMAN
> California Bar No. 241277
> Assistant United States Attorney
> Fraud Section
> 555 4th Street, N.W.
> Washington, D.C. 20530
> (202) 252-6887
> Kondi.Kleinman2@usdoj.gov