UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA : | |
| : | CASE NO. 21-MJ-216 |
| v. : | |
| : | |
| ADAM AVERY HONEYCUTT, : | |
| : | |
| Defendant. : | |

**CONSENT MOTION TO CONTINUE STATUS HEARING
AND EXCLUDE TIME UNDER SPEEDY TRIAL ACT**

The United States of America, by and through its attorney, the United States Attorney for the District of Columbia, with the consent of the defendant, respectfully moves to continue the status hearing scheduled for July 7, 2021, to September 30, 2021, and to exclude time under the Speedy Trial Act.

The defendant is charged via criminal complaint in this District with two counts related to the January 6, 2021, attack on the U.S. Capitol. Specifically, he is charged with one count of Knowingly Entering or Remaining in any Restricted Building or Grounds without Authority, in violation of 18 U.S.C. § 1752(a), and one count of Violent Entry and Disorderly Conduct on Capitol Grounds in violation of 40 U.S.C. § 5104(e)(2) ("Attack on the Capitol case").

On June 1, 2021, the defendant pled guilty in the Middle District of Florida to one count of knowingly possessing a firearm by an unlawful user of a controlled substance in violation of 18 U.S.C. §§ 922(g)(3) and 924(a)(2) ("Florida case"). The Florida case stemmed from the execution of a search warrant on his residence in connection with the Attack on the Capitol case.

The defendant is detained in the Florida case. His sentencing is scheduled for October 13, 2021. He was initially detained in the Attack on the Capitol case, but this Court granted his consent motion to release him from custody in the Attack on the Capitol case.

The Speedy Trial Act requires that the government file an information or indictment against a defendant within 30 days of arrest. 18 U.S.C. § 3161(b). However, the Act excludes any period of delay when a judge grants a continuance and finds that "the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial." 18 U.S.C. § 3161(h)(7)(A). Here, the exclusion of time through September 30, 2021, best serves the ends of justice and outweighs the interests of the public and the defendant in a speedy trial and indictment because the additional time will allow the government to provide pre-indictment discovery to the defendant and to engage in discussions with the defendant, which might obviate the need for an indictment and trial in this case.

WHEREFORE, the parties respectfully request that the Court continue the status hearing until September 30, 2021, and exclude time through and including September 30, 2021, for purposes of any computation under the Speedy Trial Act.

Respectfully submitted,

CHANNING D. PHILLIPS
ACTING UNITED STATES ATTORNEY

By:   /s/ *Kondi J. Kleinman*
KONDI J. KLEINMAN
California Bar No. 241277
Assistant United States Attorney
Fraud Section
555 4th Street, N.W.
Washington, D.C. 20530
(202) 252-6887
Kondi.Kleinman2@usdoj.gov